J-S07045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KWAME MOORE, | : | |
| | : | |
| Appellant | : | No. 87 EDA 2019 |

Appeal from the PCRA Order Entered November 29, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003800-2015

BEFORE:    NICHOLS, J., KING, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:                Filed:May 21, 2020

Kwame Moore (Appellant) appeals *pro se* from the order entered November 29, 2018, dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The trial court summarized the underlying facts of this case as follows.

> On the night of December 22, 2013, Devon Johnson, in his green Volkswagen, drove Ryan Brown, Larry Smith, [and] Quaron Highsmith to the 3800 block of Reno Street, a known drug area, to buy some "juice" (Codeine syrup) and some Percocet[].  Upon arrival, Smith asked Brown to knock on the front door of 3817 Reno Street.  Brown originally said no.  Then Smith said, "I'm not buying you [drugs] if you don't knock on the door."  Brown agreed and Smith handed him a gun.  Brown exited the vehicle and knocked on the door.

_____

[*] Retired Senior Judge assigned to the Superior Court.

After Brown knocked on the door, Highsmith, in the vehicle's passenger seat, heard [Appellant] (also known as May Moore) open the front door and yell at Brown. [Appellant] demanded to know why Brown had knocked on the screen door. Smith also saw [Appellant] yell at Brown. Because Smith could not hear what the two were saying, he got out [of] the car to say something to [Appellant]. It was at that moment he saw [Appellant] open the screen door and shoot Brown several times. After [Appellant] shot Brown, Smith and Highsmith fled [on foot] in [the] opposite direction. Johnson heard the gunshots and saw Brown spinning and falling off [of] the porch. He also saw [Appellant] come out from the doorway firing his gun. Johnson exited his vehicle, shot at [Appellant], and then fled [on foot] in the same direction as Highsmith [and Smith]. After the shooting, Smith, Highsmith, and Johnson returned to the shooting scene to check on [Brown].

Police soon arrived and saw the three males standing next to the green Volkswagen, yelling for help. Nearby, the officers found Brown bleeding on the ground. The officers placed Brown in a squad car and drove him to the Hospital of the University of Pennsylvania, where he was later pronounced dead.

Brown was shot five times. Two bullets struck Brown in the back of his right shoulder, with one bullet hitting his right lung, aorta, and heart. Another bullet entered the front of his right thigh and exited the back of his leg, striking the femoral artery. Two bullets struck Brown's knees – one to his left knee; the other to his right. The manner of death was homicide, caused by multiple gunshot wounds.

By Brown's body, police found a black and silver 9 mm handgun. Police also found seven fired cartridge casing[s] on the property: three [] were found inside the property; another three were found on the porch; and one [] was found at the bottom of the property's front steps. Police Officer Kelly Walker[] of the Firearms Identification Unit[] testified that all seven [fired cartridge casings] were fired from the same firearm, which was not the firearm found at the scene.

On January 7, 2014, Philadelphia police detectives interviewed [] Smith, where he identified [Appellant] as the shooter. Smith told detectives that he knew [Appellant] for

approximately five years – he shot dice with [Appellant] and said "what's up" whenever he saw him.

On March 10, 2014, detectives interviewed Highsmith. Highsmith told detectives that the night Brown was shot, he saw muzzle flashes and a man's arm[,] holding a gun[,] shoot at Brown. In a second statement on January 5, 2015, Highsmith identified [Appellant] from a photograph, and wrote "shoot Ryan" on top of the photograph. At trial, Highsmith, as well as Johnson, identified [Appellant] as the shooter.

Trial Court Opinion, 6/13/2016, at 2-3. Appellant was arrested on March 10, 2015, and charged with murder and related offenses.

Appellant proceeded to a jury trial that began on March 1, 2016, and concluded on March 4, 2016, after which he was convicted of first-degree murder and possession of an instrument of crime (PIC). That same day, the trial court sentenced Appellant to a mandatory sentence of life imprisonment without the possibility of parole for the murder conviction, and a concurrent sentence of one to two years of imprisonment for the PIC conviction.

On June 27, 2017, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on November 22, 2017. *Commonwealth v. Moore*, 174 A.3d 106 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 174 A.3d 1024 (Pa. 2017).

On August 9, 2018, Appellant timely filed *pro se* his first PCRA petition. On August 21, 2018, George S, Yacoubian, Esquire, was appointed to represent Appellant. Attorney Yacoubian filed a request to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa.

1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa Super. 1988) (*en banc*). The PCRA court granted Attorney Yacoubian's request to withdraw and appointed Earl G. Kauffman, Esquire to represent Appellant.[1] On October 25, 2018, the PCRA court notified Appellant pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without a hearing, stating Appellant's issues lacked merit and Appellant's counsel determined the same as well. The PCRA court provided Appellant 20 days in which to file objections, after which the PCRA court advised him that his petition would be dismissed. Appellant did not file any objections to the PCRA court's notice.

On November 29, 2018, the PCRA court entered a final order dismissing Appellant's PCRA petition because it concluded that all of Appellant's claims were without merit.[2] **See** PCRA Court Opinion, 11/29/2018, at 3-12.

Appellant *pro se*[3] timely filed a notice of appeal.[4] We review appeals of PCRA orders using the following standard.

_____

[1] Attorney Yacoubian was granted leave to withdraw because he left private practice. Attorney Kauffman adopted the no-merit letter filed by Attorney Yacoubian.

[2] In its order, the PCRA court granted Attorney Kauffman leave to withdraw.

[3] Although counsel withdrew, and Appellant proceeded *pro se* on appeal, this Court believed Attorney Kauffman was still counsel of record. Attorney
*(Footnote Continued Next Page)*

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

On appeal, Appellant claims that trial and appellate counsel were ineffective under numerous theories. Appellant's Brief at 12-30. It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*(Footnote Continued)* ——————

Kauffman sought leave to withdraw in this Court based on the PCRA court already having granted leave to withdraw, and this Court granted that order.

[4] Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court referred this Court to its November 29, 2018 order and opinion addressing Appellant's PCRA claims, and to the trial court's June 13, 2016 opinion addressing the issues raised by Appellant on direct appeal.

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

The lion's share of Appellant's ineffectiveness claims relate to trial counsel, specifically claiming that counsel was ineffective for failing to: 1) present Appellant's requested alibi defense and witnesses; 2) impeach a Commonwealth witness based on inconsistent identification testimony; 3) request an identification jury instruction; 4) request a cautionary instruction regarding a witness' potential bias and motives; and 5) conduct a proper pretrial investigation. Appellant's Brief at 12-30.

Appellant first claims that trial counsel was ineffective for failing to present Appellant's requested alibi defense and witnesses. *Id.* at 14-18. In rejecting Appellant's claim, the PCRA court stated that Appellant failed to raise this claim with specificity. PCRA Court Opinion, 11/29/2018, at 6. According to the PCRA court, "[Appellant] fail[ed] to present any evidence of argument in support of his bald claim that he requested trial counsel to present an alibi defense." *Id.* Moreover, the PCRA court stated that Appellant failed to identify the witness trial counsel should have called and the substance of that witness' testimony. *Id.*

"When assessing whether counsel had a reasonable basis for his act or omission, the question is not whether there were other courses of action that

counsel could have taken, but whether counsel's decision had any basis reasonably designed to effectuate his client's interest." **Commonwealth v. Williams**, 141 A.3d 440, 463 (Pa. 2016). Further, in order to establish that counsel was ineffective for failing to call a particular witness, Appellant must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness' testimony was so prejudicial as to have denied the defendant a fair trial. **See Commonwealth v. Washington**, 927 A.2d 586, 599 (Pa. 2007).

Our review of the record supports the PCRA court's conclusions. At trial, Appellant's counsel characterized the incident as a shootout to imply the Appellant acted in self-defense and challenged the credibility of the Commonwealth's witnesses involved in the incident. N.T., 3/1/2016, at 35-46. Trial counsel's decision to pursue this theory of the case, instead of an alibi defense, was reasonable, particularly where the Commonwealth presented three witnesses that identified Appellant as the individual who shot and killed Brown. N.T., 3/2/2016, at 62-63, 158-59, 215-16. Regarding Appellant's contention that trial counsel was ineffective for failing

to call alibi witnesses Terry Moore, Kevin Moore, and Nirobi Moore,[5] he failed to identify any of these witnesses in his *pro se* PCRA petition, or to provide these names to PCRA counsel. **Turner**/**Finley** Letter, 9/20/2018, at 5 (unnumbered) ("No specific details of this 'alibi' were ... offered [] to [] counsel to pursue"). Additionally, even if Appellant had provided these names to the PCRA court, Appellant has failed to present any cogent argument on appeal that any of the witnesses was available and willing to testify for the defense, or that the absence of the testimony was so prejudicial to have denied Appellant a fair trial. **See Washington**, 927 A.2d at 599. Accordingly, the PCRA court did not err in dismissing this claim.

Appellant next claims that trial counsel was ineffective for failing to impeach a Commonwealth witness based on inconsistent identification testimony. Appellant's Brief at 19-21. Despite Appellant's failure to specify the particular witness in his PCRA petition or to PCRA counsel, the PCRA court deduced that the claim referred to either Smith or Highsmith, and found that Appellant's claim lacked merit as to both. PCRA Court Opinion,

---

[5] While Appellant does not indicate whether these three individuals are related to him, we note that they all share the same last name. To the extent that they are related to Appellant, the strength of alibi testimony provided by a familial relationship is another factor counsel would have considered in making his decision. "[T]he credibility of [a] witness would be seriously questioned by a jury due to the nature of the relationship between appellant and the witness." **Commonwealth v. Hoffman**, 589 A.2d 737, 746 (Pa. Super. 1991). "Defense counsel's decision not to call witnesses cannot be faulted when their testimony could be easily subverted." **Id.**

11/29/2018, at 6-7. In his brief, Appellant identifies Highsmith as the witness whom trial counsel was ineffective for failing to impeach. Appellant's Brief at 19. The PCRA court concluded the following concerning Highsmith.

> Had [Appellant] intended to raise the instant claim with respect to [] Highsmith's testimony, it [] would fail. Highsmith identified [Appellant] as the shooter during trial. In a prior police statement, the witness identified [Appellant] as "May Moore." During cross-examination, trial counsel raised the issue of whether the decedent, Smith, and Highsmith attempted to rob [Appellant] on the night of the shooting. Trial counsel's examination exposed further inconsistencies, including the witness' drug use, his ability to see the door from his vantage point at the time of the shooting, and his attempts to hide the decedent's gun after the shooting.
>
> Trial counsel's examination of [] Highsmith was designed to highlight inconsistencies in [his] testimony and raise a reasonable doubt as to whether [Appellant] acted in self-defense. That the jury credited [] Highsmith's testimony does not render his line of inquiry ineffective.

PCRA Court Opinion, 11/29/2018, at 7-8.

We conclude the PCRA court thoroughly addressed and properly disposed of Appellant's second claim. Appellant's counsel vigorously challenged Highsmith on cross-examination, N.T., 3/2/2016, at 173-201, and thus, Appellant's second claim lacks arguable merit.

In his third claim, Appellant contends that trial counsel was ineffective in failing to request a certain jury instruction with respect to Highsmith's identification. Appellant's Brief at 22-25. Specifically, Appellant claims that the trial court should have provided an instruction pursuant to ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954) (requiring a

cautionary jury instruction regarding identification testimony by a witness when that witness did not have the opportunity to view a defendant clearly, equivocated in identification of a defendant, or had difficulty identifying a defendant in the past). Appellant's Brief at 22. The PCRA court concluded Appellant's argument was without merit "as no such failure occurred. At trial, trial counsel requested an identification instruction." PCRA Court Opinion, 11/29/2018, at 8-9.

In the instant case, Appellant's trial counsel did in fact request a *Kloiber* instruction. *See* N.T., 3/3/2016, at 126. Therefore, trial counsel cannot be found ineffective for not requesting such a charge. Further, despite determining that the situation did not warrant a *Kloiber* instruction, *id.* at 128-29, the trial court provided additional instructions regarding identification testimony. Specifically, the trial court pointed out that the jury "heard testimony from one or more of the witnesses who identified [Appellant] as the person who committed the crimes." The trial court then gave general instructions, consistent with *Kloiber*, regarding evaluation of that testimony. *Id.* at 217-20. Accordingly, Appellant is not entitled to relief on this claim.

Appellant's next claim concerns trial counsel's failure to request a cautionary instruction regarding a witness' potential bias and motives. Appellant's Brief at 26-28. Although Appellant failed to specify the particular witness in his PCRA petition, Appellant argues on appeal that Johnson

- 10 -

identified Appellant as the shooter based on a potential bias and motive, specifically that Johnson would receive a more favorable deal on an outstanding gun charge if he identified Appellant as the shooter. *Id.* at 27. The PCRA court noted Appellant failed to raise with specificity his claim, but nonetheless found the general instruction concerning the credibility of a witness provided by the trial court was sufficient to address any witness' potential bias and motive. PCRA Court Opinion, 11/29/2018, at 11-12.

Again, Appellant's claim is belied by the record. Appellant's trial counsel requested a cautionary instruction as to the witness' potential bias and motives for testifying. N.T., 3/3/2016, at 122-26. Moreover, the trial court provided the following instructions to the jury.

> In determining a witness' credibility, you may consider whether or not the witness or witnesses, so we are talking about [] Highsmith[, ] Smith and [] Johnson, had or have any potential interest or bias and whether they testified for the prosecution to gain favorable treatment in their own case.

*Id.* at 220-21. Consequently, this ineffectiveness claim fails.

In his last claim concerning trial counsel, Appellant generally asserts that counsel failed to prepare sufficiently for trial. Appellant's Brief at 29-30. The PCRA court held that Appellant failed to elaborate on how his counsel's pretrial investigation was inadequate, and therefore, failed to support adequately his claim. PCRA Court Opinion, 11/29/2018, at 5.

Appellant, for the first time on appeal, advances several arguments to support his claim, which he cannot do. *See Washington*, 927 A.2d at 601

- 11 -

("Any claim not raised in the PCRA petition is waived and not cognizable on appeal."). Furthermore, upon review of the record, we determine that trial counsel meaningfully opposed the prosecution's case and fulfilled the Sixth Amendment guarantee of effective representation. Counsel delivered a lengthy opening and closing argument, attacking the credibility of the Commonwealth's witnesses and theory of the case. He vigorously cross-examined the Commonwealth's witnesses and assailed their testimony, and advanced a reasonable and legitimate strategy to defend Appellant. Thus, we conclude the PCRA court did not err in dismissing this ineffectiveness claim.

In Appellant's summary of the argument, Appellant also raises a number of claims regarding direct appeal and PCRA counsel. Appellant's Brief at 12-13. Appellant does not cite any legal support and fails to develop any meaningful argument as to how his claims regarding his direct appeal and PCRA counsel have any merit, why his attorneys lacked a reasonable basis for their actions, and how he was prejudiced. It is not the role of this Court to "formulate [an a]ppellant's arguments for him." **Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009); **see also Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Appellant failed to develop properly these claims for our review, they are waived. Furthermore, claims of

ineffectiveness of PCRA counsel may not be raised for the first time on appeal and must be raised in a response to a Rule 907 notice. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (holding that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal"); **Commonwealth v. Ford**, 44 A.3d 1190, 1198 (Pa. Super. 2012) ("[W]hen counsel files a **Turner**/**Finley** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss.").

Based on the foregoing, the PCRA court did not err by dismissing Appellant's PCRA petition.  Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/20

- 13 -